department, entered December 6, 1927, unanimously affirming a judgment in favor of plaintiff entered upon a verdict. The action was to recover for the alleged wrongful discharge of plaintiff in breach of his contract of employment. The defense was justification in that plaintiff had failed to perform his work to the satisfaction of his employer.

*Joseph Schultz* for appellant.

*Louis J. Vorhaus* and *Joseph Fischer* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: POUND, LEHMAN, KELLOGG and O'BRIEN, JJ. Dissenting: CARDOZO, Ch. J., CRANE and ANDREWS, JJ., on the ground that the evidence is insufficient to sustain a finding that the defendant feigned dissatisfaction with the plaintiff's services.

---

THOMAS J. HOWARD, Respondent, *v.* SPRING COAL COMPANY, Appellant.

*Ships and shipping — demurrage — charter — action to recover for unreasonable delay in discharging cargo.*

Howard v. *Spring Coal Co.*, 222 App. Div. 762, affirmed.

(Argued June 5, 1928; decided June 19, 1928.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 19, 1927, unanimously affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury. The action was brought to recover for alleged unreasonable detention of plaintiff's barge by defendant, its charterer. It appeared that the boat arrived at its destination on July 30, 1923, but was not unloaded and discharged until October 15, 1923. The question was whether the contract by the use of the words " free of demurrage loading and discharging " granted to defendant freedom from demurrage during the entire period that the boat was detained.

*William E. Sims* for appellant.
*James M. Gorman* and *Pierre M. Brown* for respondent.

Judgment affirmed, with costs; no opinion.
Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

BELBIRD REALTY CORPORATION, Appellant, *v.* MINNIE WOLFSON, Respondent.

*Vendor and purchaser — contract — specific performance — action to compel specific performance of an alleged contract to sell real property — when writing mere receipt.*

*Belbird Realty Corp.* v. *Wolfson*, 221 App. Div. 67, affirmed.
(Argued June 5, 1928; decided June 19, 1928.)

APPEAL from a judgment, entered October 22, 1927, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and directing a dismissal of the complaint. The action was to compel specific performance of an alleged contract to convey real property which read as follows: " Received from Belbird Rlty. Corp. check for $100.00 as binder for the purchase of property 835 Columbus Ave. Price $68,000. Subject to 1st mtg. $30,000 at $5\frac{1}{2}\%$ 5 yrs. Cash $20,000. Balance of $18,000 to be taken back in a purchase money mortgage for 10 yrs. payable $1,000 a year for the 1st 5 yrs. and $1,200 a year for the remaining 5 years with interest at 6% per annum. Contract to be signed Monday Jan. 12/25 at the office of Wm. M. Bennett, 15 William St., balance of $2,900 deposit to be paid on the signing of the contract. In the event of the contract not being signed the $100.00 deposit is to be returned to the purchaser." The Appellate Division held that the writing constituted a mere receipt and that specific performance should not be granted.